IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL PAUL ADAMIK,                )
                                   )
            Plaintiff,             )
                                   )
     v.                            )   Civil Action No. 11-1429
                                   )
MICHAEL J. ASTRUE,                 )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
            Defendant.             )

MEMORANDUM OPINION

On November 8, 2011, Daniel Paul Adamik ("plaintiff") filed a complaint in this court seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"). Presently before the court is the Commissioner's motion to dismiss plaintiff's complaint (Document No. 5), plaintiff's response and the Commissioner's reply. Because this court lacks subject matter jurisdiction, the Commissioner's motion will be granted and plaintiff's complaint will be dismissed with prejudice.

On January 29, 2009, plaintiff filed an application for disability insurance benefits which was denied by Notice of Disapproved Claim dated May 21, 2009. The Notice was mailed to plaintiff at his address in Sarver, Pennsylvania. The Notice advised plaintiff that he had 60 days from receipt of the Notice to request a hearing before an Administrative Law Judge ("ALJ")

and that SSA would presume receipt within 5 days of the date of the notice. Accordingly, plaintiff's deadline for requesting a hearing before an ALJ was July 25, 2009.

On January 15, 2010, plaintiff filed a request for an ALJ hearing, nearly 8 months after the Notice of Disapproved claim and almost 6 months after the deadline for filing such a request. On December 6, 2010, the ALJ issued an Order of Dismissal finding that plaintiff had not established good cause for his failure to file a request for a hearing within the allotted time period. On September 8, 2011, the Appeals Council denied plaintiff's request for review of the ALJ's December 6, 2010, Order of Dismissal. Plaintiff subsequently initiated this pending civil action through the filing of a complaint on November 8, 2011.

The government has filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction because 42 U.S.C. §405(g) authorizes judicial review only of a "final decision ... made after a hearing," and plaintiff never received a final decision after a hearing because his claim was dismissed for failure to establish good cause for not requesting a hearing within the allotted time period. Although plaintiff concedes that §405(g) is the exclusive jurisdictional basis for judicial review under the Act, he nevertheless argues that this court has subject matter jurisdiction because he has raised a colorable constitutional claim. Upon review of the parties' briefs and the applicable case law, this court finds that plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

Federal court jurisdiction in social security cases is expressly limited by the Act. Tobak v. Apfel, 195 F.3d 183, 186 (3d Cir. 1999). Pursuant to 42 U.S.C. §405(h), "[n]o ... decision of the Commissioner of Social Security shall be reviewed by any person, tribunal or governmental agency except as herein provided." The Act limits such review exclusively to "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party ...." 42 U.S.C. §405(g).

"A 'final decision' is a particular type of agency action, and not all agency determinations are final decisions." Bacon v. Sullivan, 969 F.2d 1517, 1519 (3d Cir. 1992)(holding that appeals council's decision not to consider untimely request for review of ALJ's decision, filed one day late, was not "final decision" subject to judicial review); Nicosia v. Barnhart, 160 Fed Appx. 186, 187-188 (3d. Cir. 2005) (pre-hearing dismissal of untimely request for hearing on overpayment of benefits not final decision subject to judicial review). It is well-settled that "[a] pre-hearing dismissal ... of an untimely request for a hearing ... is not a 'final decision' under [§405(g)]" and generally is not subject to judicial review. DeLeon v. Commissioner of Social Security. 191 Fed. Appx. 88, 90 (3d Cir. 2006); see also Lucas v. Astrue, 2011 WL 5154106 (W.D. Pa., Oct. 21, 2011)(J. Fischer).

The sole exception to this jurisdictional bar is "where the claimant raises a colorable constitutional claim" which is "collateral to the substantive claim of entitlement." Nicosia,

160 Fed. Appx. at 188. As the United States Supreme Court has recognized, "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." Califano v. Sanders, 430 U.S. 99, 109 (1977). Accordingly, "when constitutional questions are in issue, the availability of judicial review is presumed." Id.

However, the mere allegation of a due process violation does not automatically confer subject matter jurisdiction in the district court, and "[a] constitutional claim is not colorable 'if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial or frivolous.'" Banks v. Chater, 949 F. Supp. 264, 266 (D.N.J. 1996)(quoting Boettcher v. Secretary of HHS, 759 F.2d 719, 722 (9th Cir. 1985).

Here, plaintiff concedes that there has not been a "final decision ... made after a hearing" which would confer jurisdiction under the Act. However, plaintiff argues that the ALJ's order of dismissal, in which he found that plaintiff had not established good cause for his failure to file a request for a hearing within the allotted time period, violates his due process right to a hearing to determine his claim for disability. Plaintiff alleges there was a "possibility" he did not receive the initial denial notice and that, even if he did, his mental illness and learning disability prohibited him from understanding that he could request a hearing. Plaintiff's argument is without merit.

First, due process does not require an evidentiary hearing prior to the denial of social security benefits. See, Matthews v. Eldrige, 424 U.S. 319, 349 (1976); Roberts v. Astrue, 2012 WL 1850945 (W.D. Pa., May 21, 2012)(J. Ambrose). Nor does the court find any due process violation in the procedure by which plaintiff's claim was dismissed due to his untimely request for a hearing. Plaintiff was afforded the opportunity to establish good cause for his failure to file a request for a hearing within the allotted time period but the ALJ found his explanations insufficient. Plaintiff then filed a request for review with the Appeals Council raising the same explanations for his late filing, which the Appeals Council denied.

Moreover, the "constitutional violation" plaintiff now alleges is directly related to his substantive claim under the Act, in that he essentially asks this court to reconsider the question of whether he has established good cause for not filing a timely appeal. Just as he does now, plaintiff argued to the ALJ, and to the Appeals Council, that he missed the deadline for filing an appeal because he "[didn't] remember getting any letter denying [his] claim]" and if he did receive it, he did not understand it.

However, "[o]nly the [Commissioner] has authority to determine whether a claimant has shown good cause for an untimely filing." Bacon, 969 F.2d at 1521 (district court had no jurisdiction to determine whether claimant demonstrated good cause for filing appeal one day late). Here, the ALJ considered

plaintiff's argument that he "may not" have received the notice of disapproved claim, but determined that there was no evidence to rebut the presumption that plaintiff received the notice within 5 days of mailing.[1]  The ALJ also considered, but rejected, plaintiff's argument that he did not understand the denial letter.[2]

Plaintiff was provided the opportunity to establish good cause for his untimely request for a hearing at the administrative level and the ALJ's finding that plaintiff failed to establish such good cause is not reviewable by this court.  Thus, because plaintiff's asserted constitutional claim is not collateral to the substantive claim, it does not provide an independent ground for jurisdiction.  See, e.g., Nicosia, 160 Fed. Appx. at 188; Lucas, 2011 WL 5154106 at *6 (it was within Commissioner's discretion to find no good cause and plaintiff's mere disagreement with that finding did not raise a colorable constitutional claim nor provide an independent ground to assert jurisdiction).

The court is satisfied that plaintiff received all the process to which he was due.  Plaintiff has not raised a colorable constitutional claim and the ALJ's decision otherwise is not

---

[1] The ALJ noted that there was nothing from the post office indicating that the letter was returned as undeliverable or that it was sent to an incorrect address.

[2] The ALJ noted that psychological testing indicates that plaintiff is of average intelligence and that there is no evidence of any mental or educational impairment that would have prevented him from understanding the contents of the denial letter or the importance of filing a timely appeal.

reviewable. Accordingly, plaintiff's complaint will be dismissed with prejudice for want of subject matter jurisdiction.

An appropriate order follows.


Dated: July 31, 2012             s/Gustave Diamond
                                 Gustave Diamond
                                 United States District Judge



cc: Christine M. Nebel, Esq.
    220 South Main Street
    Suite D
    Butler, PA 16001

    Paul Kovac
    Assistant United States Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219